# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT    [ ] INFORMATION    [ ] INDICTMENT    [ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

## OFFENSE CHARGED

8 U.S.C. § 1326(a) - Reentry of Removed Alien

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: 2/10/20 years imprisonment;
Not more than 1 year/3 years supervised release;
$250,000 fine; $100 special assessment;
denial of federal benefits; deportation.

### DEFENDANT - U.S
Jeisson Rony Escobar-Valencia

DISTRICT COURT NUMBER

4:25-mj-70932 MAG

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Deportation Officer Vincent Gaviola, ICE ERO

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY    [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: Craig Missakian
[X] U.S. Attorney    [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): AUSA Thomas Green

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) [ ] If not detained give date any prior summons was served on above charges
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [X] On this charge
5) [ ] On another conviction    [ ] Federal    [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [ ] No    If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year: July 23, 2025

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

FILED
Jul 31 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS    [ ] NO PROCESS*    [X] WARRANT    Bail Amount:

If Summons, complete following:
[ ] Arraignment    [ ] Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Jeisson Rony Escobar-Valencia<br>aka<br>Jaisson Escobar-Valensia<br>and Jeisson R. Escobar<br><br>*Defendant(s)* | Case No. 4:25-mj-70932 MAG<br><br>**FILED**<br>Jul 31 2025<br>Mark B. Busby<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>OAKLAND |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 14, 2025** in the county of **Contra Costa (Richmond, CA)** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) & (b)(1) | Reentry of Removed Alien<br>Maximum penalties:<br>- Imprisonment: 2 years/1326(a); 10 years/1326(b)(1); 20 years/1326(b)(2)<br>- Fine: $250,000<br>- Supervised release: not more than 1 year [1326(a)] or 3 years [1326(b)]<br>- Special assessment: $100<br>- Forfeiture/Immigration & Naturalization Consequences/Denial of Fed Benefits |

This criminal complaint is based on these facts:

See attached Affidavit of

☑ Continued on the attached sheet.

Approved as to form _/s/ Thomas R Green_ AUSA Thomas R Green

/S/
*Complainant's signature*

Deportation Officer Vincent Gaviola, ICE ERO
*Printed name and title*

Sworn to before me by telephone.

Date: 07/30/2025

*Judge's signature*

City and state: Oakland, California

Hon. Kandis A Westmore, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Vincent Gaviola, a Deportation Officer with U.S. Immigration and Customs Enforcement, being duly sworn, hereby declare as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Jeisson Rony Escobar-Valencia, also known as Jaisson Escobar-Valensia and Jeisson R. Escobar** ("ESCOBAR-VALENCIA") with a violation of 8 U.S.C. §§ 1326(a) and (b)(1) – Illegal Reentry Following Removal Subsequent to a Felony Conviction.

2. There is probable cause to believe that occurring no later than February 14, 2025, in the Northern District of California, **ESCOBAR-VALENCIA**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on, or about, May 21, 2021, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission, after having committed a felony within the meaning of 8 U.S.C. § 1326(b)(1).

### AFFIANT BACKGROUND

3. I am a Deportation Officer of DHS ICE ERO and have been since May 2007. I am currently assigned to ERO Criminal Prosecution ("ECP") out of the San Francisco District Office ("SFR").

4. I was trained as a Deportation Officer at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. I received advanced training at the FLETC in Glynco, Georgia, for the Fugitive Operations Training Program ("FOTP"). As a Deportation Officer, I have conducted and participated in law enforcement investigations to identify, locate, arrest, detain, prosecute, and remove foreign nationals who pose a threat to national security and public safety.

5. I have conducted complex investigations, executed arrests, prepared cases for removal proceedings and prosecution, and managed detention and removal of foreign nationals

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                    1                    NDCA-OTBA Affidavit v.1.1

ordered removed from the United States by working with foreign, federal, state, and local law enforcement agencies.

6. I am an immigration officer of the United States within the meaning of 8 U.S.C. 1101(18). I am empowered by law and regulation to interrogate, arrest, and search for individuals present in the United States in violation of law or regulation. I am further empowered by law and regulation to make arrests for felony offenses under any law of the United States regulating the admission, exclusion, or removal of aliens. I am also empowered by law and regulation to make arrests for any offense against the United States if the offense is committed in my presence or if I have reasonable grounds to believe the individual arrested has committed a felony against the United States. Additionally, I am authorized to execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States.

## SOURCES OF INFORMATION

7. The statements in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other deportation officers, deputies, agents, and witnesses. Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part and not verbatim.

8. I have received and reviewed **ESCOBAR-VALENCIA**'s immigration file.

9. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                    2                    NDCA-OTBA Affidavit v.1.1

**APPLICABLE LAW**

10. Under 8 U.S.C. §§ 1326(a), it is unlawful for **ESCOBAR-VALENCIA** to be in the United States after having been previously excluded, deported, and removed from the United States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

11. The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C § 1326(a) are:
    (1) the defendant was removed from the United States;
    (2) thereafter, the defendant voluntarily entered the United States;
    (3) after entering the United States the defendant knew that he was in the United States and knowingly remained;
    (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;
    (5) the defendant was an alien at the time of the defendant's entry into the United States; and
    (6) the defendant was free from official restraint at the time he entered the United States; and

12. The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

13. A defendant who violates 8 U.S.C. § 1326(a) shall be fined under Title 18, or imprisoned not more than 2 years, or both.

14. Additionally, under 8 U.S.C. § 1326(b)(1), a defendant who violates 8 U.S.C § 1326(a) and whose removal from the United States was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or any felony, shall be fined under Title 18, imprisoned not more than 10 years, or both.  A felony is defined as a crime punishable by greater than one year of imprisonment.

15. Finally, though not charged at this time pursuant to the complaint being sought, under 8 U.S.C. § 1326(b)(2), a defendant who violates 8 U.S.C § 1326(a) and whose removal from the United States was subsequent to a conviction for commission of an aggravated felony

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                    3                           NDCA-OTBA Affidavit v.1.1

shall be fined under Title 18, imprisoned not more than 20 years, or both.  An aggravated felony is defined at 8 U.S.C. § 1101(a)(43).

## FACTS SUPPORTING PROBABLE CAUSE

16.   There is probable cause to believe that on or about February 14, 2025, in the Northern District of California, **ESCOBAR-VALENCIA**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on or about May 21, 2021, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

### ESCOBAR is Not a United States Citizen and was Ordered Removed from the United States

17.   **ESCOBAR-VALENCIA** is a citizen of El Salvador and not a citizen of the United States.

18.   On February 13, 2008, Immigration Judge Polly A. Webber, in San Francisco, California, issued an order of removal for **ESCOBAR-VALENCIA**.

19.   On or about June 11, 2008, **ESCOBAR-VALENCIA** filed an appeal with the Board of Immigration Appeals ("BIA") contesting the decision of the Immigration Judge.

20.   On or about June 29, 2009, the Board of Immigration Appeals dismissed the case.

### Relevant Criminal Record Prior to Removal on May 21, 2021

21.   Following his initial order of removal, but before being removed from the United States, per records I have reviewed, on or about December 4, 2018, **ESCOBAR-VALENCIA** was convicted in Contra Costa County, CA, of Lewd or Lascivious acts with a Child under 14 in violation of California Penal Code § 288(a).  **ESCOBAR-VALENCIA** was sentenced to 3 years imprisonment.

22.   On or about May 21, 2021, **ESCOBAR-VALENCIA** fixed his thumb print to DHS Form I-294 where it is stated that:

> In accordance with the provisions of section 212(a)(9) of the Immigration and

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                                  4                              NDCA-OTBA Affidavit v.1.1

Nationality Act (Act), [**ESCOBAR-VALENCIA** is] prohibited from entering , attempting to enter, or being in the United States…At any time because [he was] found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and order deported or removed from the United States, and [**ESCOBAR** has] been convicted of a crime designated as an aggravated felony, as defined under section 101(a)(43) of the Act.

23.   On May 21, 2021, the defendant was removed from the United States to El Salvador, as reflected on his Warrant of Removal/Deportation, sometimes referred to as a Form I-205, which indicates that he was deported from AEX via air transport from Alexandria International Airport, in Alexandria, Louisiana.

### Unlawful Reentry and Subsequent Criminal Violations

24.   On an unknown date after his removal on May 21, 2021, but on or before June 5, 2021, **ESCOBAR-VALENCIA** voluntarily, and illegally, entered the United States at an unknown place.  After entering the United States, the defendant knew that he was in the United States where he knowingly remained.

25.   On, or about, June 5, 2021, in Martinez, California, **ESCOBAR-VALENCIA** was arrested for, and later convicted of, one misdemeanor for Failure to Register as a Sex Offender under California Penal Code § 290.012.  He received a sentence of 4 months jail, 4 months probation and a fine on this count.  Though the records I have reviewed indicate that **ESCOBAR-VALENCIA** was in fact arrested on or about June 5, 2021, only approximately 15 days after being removed, the charge sought pursuant to this affidavit is based on **ESCOBAR-VALENCIA**'s subsequent arrest on February 14, 2025, described below.

26.   On February 14, 2025, **ESCOBAR-VALENCIA** was found in the United States again when he was arrested in Richmond, California, in the Northern District of California, by the Richmond Police Department on charges relating to Failure to Register as a Sex Offender under PC § 290.012(A), a felony (arrest case number 2502181-1070KOT625) and for a bench warrant for Failure to Appear in court for a felony charge under PC § 97835, (arrest case number a3425-0276 -1070KOT625) respectively.

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                         5                          NDCA-OTBA Affidavit v.1.1

27. On July 23, 2025, **ESCOBAR-VALENCIA** was found in the United States again when he was apprehended by U.S. Immigration and Customs Enforcement officers, U.S. Customs and Border Protection officers and Homeland Security Investigations agents, in violation of U.S. immigration laws while at the San Francisco International Airport as he attempted to board an international flight bound for El Salvador.

## Confirmation of Identity

28. **ESCOBAR-VALENCIA**'s fingerprints were taken as part of standard booking procedures following his February 14, 2025, arrest. The fingerprints obtained from **ESCOBAR-VALENCIA** on February 14, 2025 were electronically submitted to the California Department of Justice, National Crime Information Center/Next Generation Identification, and DHS/ICE databases. ICE confirmed that the fingerprints taken from **ESCOBAR-VALENCIA** on or about the date of his May 2021 removal matched the fingerprints taken when he was arrested on or about February 14, 2025, for his failure to appear.

29. On July 23, 2025, **ESCOBAR-VALENCIA**'s fingerprints were taken again pursuant to arrest as part of standard booking procedures. The fingerprints obtained for the booking procedure were electronically submitted to the California Department of Justice ("CAL DOJ"), National Crime Information Center ("NCIC"), Next Generation Identification ("NGI"), and DHS/ICE databases

30. On or about July 24, 2025, I conducted electronic records checks using various DHS records to verify **ESCOBAR-VALENCIA**'s unique fingerprint identification number ("FIN"). The printouts of ICE computer indices on **ESCOBAR-VALENCIA** through Person Centric Identity Services ("PCIS"), DHS/USCIS Central Index System ("CIS") and Person Centric Query Service ("PCQS") all confirmed that **ESCOBAR-VALENCIA**'s FIN is 1203351427.

31. I then compared **ESCOBAR-VALENCIA**'s FIN 1203351427 to the FIN obtained from **ESCOBAR-VALENCIA** at the Richmond Police Department in connection with

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                    6                            NDCA-OTBA Affidavit v.1.1

his arrest on February 14, 2025, which matched the unique FIN associated with **ESCOBAR-VALENCIA**. I determined that **ESCOBAR-VALENCIA** is the person whose details are contained in the computer indices, was removed from the United States on or about May 21, 2021, and was then located and arrested following his return to the United States on or about February 14, 2025, and July 23, 2025.

32. On or about July 24, 2025, I reviewed the printouts of ICE computer indices on **ESCOBAR-VALENCIA**.

33. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that **ESCOBAR-VALENCIA** had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in **ESCOBAR-VALENCIA**'s DHS A-File.

34. The ICE computer indices further indicated that **ESCOBAR-VALENCIA** had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

35. Furthermore, the Alien Number ("A Number") is a unique identifying number assigned to only one individual. The A Number associated with **ESCOBAR-VALENCIA**'s removal on or about May 21, 2021, is the same as the A Number associated with his arrest on July 23, 2025.

36. Thus, **ESCOBAR-VALENCIA** was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; was an alien at the time of his entry into the United States; was free from official restraint at the time he entered the United States; and knowingly and intentionally remained in the United States.

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                             7                    NDCA-OTBA Affidavit v.1.1

## **CONCLUSION**

37. Based on the information above, there is probable cause to believe that on or about February 14, 2025, **ESCOBAR-VALENCIA** violated 8 U.S.C §§ 1326(a) & (b)(1) – Illegal Reentry Following Removal Subsequent to a Felony Conviction. Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

                                        I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

/s/ Vincent Gaviola
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this 30th day of July 2025. This application and warrant are to be filed under seal.

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

Affidavit of Vincent Gaviola
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                  8                           NDCA-OTBA Affidavit v.1.1